# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:07CR77(14) |
| | § | |
| SUSAN LYNN SMITH | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on December 28, 2010, to determine whether Defendant violated her supervised release. Defendant was represented by Don Bailey. The Government was represented by Miriam Rea.

On April 1, 2008, Defendant was sentenced by the Honorable Marcia A. Crone, United States District Judge, to a sentence of 51 months imprisonment followed by a 3-year term of supervised release, for the offense of conspiracy to possess, steal, or receive stolen mail matter. On August 18, 2008, Defendant's sentence was reduced to 25 months imprisonment. Defendant began her term of supervision on May 21, 2009. This matter was re-assigned to the Honorable Richard A. Schell on August 25, 2010.

On December 6, 2010, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (Dkt. 702). The Petition asserts that Defendant violated the

following conditions of supervision: (1) Defendant shall report to the probation officer and shall submit to a truthful and complete written report within the first five days of each month; (2) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (3) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons; (4) Defendant shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer; (5) Defendant shall provide the probation officer with access to any requested financial information for the purposes of monitoring employment and restitution payments; and (6) Defendant must make restitution in the amount of $7,123.00.

The Petition alleges that Defendant committed the following violations: (1) Defendant failed to report in person to the U.S. Probation Office on October 1 and 19 and November 3 and 15, 2010, and Defendant submitted delinquent written monthly reports for the months of May, June, August, and September 2010 and failed to submit a written monthly report for the month of October 2010; (2) Defendant failed to report to an administrative hearing scheduled for October 1, 2010, she was rescheduled for October 19, 2010, and again failed to report, Defendant was rescheduled for a third time on November 3, 2010, and subsequently failed to report, and a fourth attempt to reschedule was made on November 15, 2010, but Defendant failed to report; (3) on June 22, 2010, Defendant stated that she was laid off from K&D Plastics in Gainesville, Texas, on July 16, 2010, but the U.S. Probation Office called K&D Plastics and spoke with Human Resources who advised Defendant was not laid off, but instead she failed to report for work, was placed on a three-day suspension, and never returned; (4) on October 12, 2010, a home visit was attempted by Senior U.S. Probation

Officers Jamie Perrenoud and Steve Johnson, a Honda Accord belonging to Defendant was observed parked in the front yard, after knocking on the door several times with no response, Senior U.S. Probation Officer Steve Johnson observed Defendant look out the window, and Defendant failed to open the door; (5) on November 2, 2010, a home visit was attempted, the probation officer observed the door curtain move, and no one opened the door or acknowledged this officer's presence; (6) on December 10, 2009, Defendant was instructed to complete and return a personal financial statement by December 28, 2009, but Defendant failed to submit said document as instructed; and (7) on September 29, 2009, Defendant signed a payment agreement in which she agreed to pay $50 a month starting on October 11, 2009, and since starting her term of supervised release, Defendant has paid $2,477.92 but has failed to make payments for the months of March, April, May, June, July, August, September, and October, 2010.

At the hearing, the Government withdrew its allegation that Defendant did not permit a probation officer to visit her at any time at home or elsewhere. Defendant entered a plea of true to the remaining alleged violations. Defendant also waived her right to allocute before the district judge and her right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of her supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the December 28, 2010 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six months, with 24 months of supervised release to follow.

Restitution remains unpaid, and Defendant should be further ordered to pay restitution in the amount of $7,123, including applicable interest, to the victims listed in the "Victim Impact" section of the Presentence Report. The restitution is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, P.O. Box 570, Tyler, Texas 75710. Restitution payments shall begin immediately. Any amount that remains unpaid when Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of Defendant's gross income, to be changed during supervision, if needed, based on Defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, 100% of receipts received from gifts, tax returns, inheritance, bonuses, lawsuit awards, and any other receipt of money must be paid toward the unpaid restitution balance within 15 days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to Fine and Restitution Section, U.S. Courts, 1910 SE Loop 323, #287, Tyler, Texas, 75701.

Upon release from imprisonment, Defendant shall be placed on supervised release for a term of 24 months. Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which Defendant is released.

While on supervised release, Defendant shall not commit another federal, state or local crime, shall comply with the standard conditions that have been adopted by this Court, and shall comply with the following additional conditions:

Defendant is to pay restitution in the amount of $7,123, plus interest, to the victim listed in the "Victim Impact" Section of the Presentence Report.

Defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments and employment.

Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

Defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

Under the guidance and direction of the U.S. Probation Office, Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

The Court further recommends that Defendant's term of imprisonment be carried out in the Bureau of Prisons facilities in Bryan, Texas, if appropriate.

**SIGNED this 3rd day of January, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE