**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:07CR77(14) |
| | § | |
| SUSAN LYNN SMITH | § | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the above-referenced criminal action, this court having heretofore referred the request for revocation of Defendant's supervised release to the United States Magistrate Judge for proper consideration. The court has received the report of the United States Magistrate Judge pursuant to its order. Defendant having waived allocation before this court as well as her right to object to the report of the Magistrate Judge, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

It is, therefore, **ORDERED** that the Magistrate Judge's Report is **ADOPTED** as the opinion of the court. It is further **ORDERED** that Defendant's supervised release is hereby **REVOKED**. It is further **ORDERED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six months, with 24 months of supervised release to follow.

Restitution remains unpaid, and Defendant is further ordered to pay restitution in the amount of $7,123, including applicable interest, to the victims listed in the "Victim Impact" section of the Presentence Report. The restitution is due immediately, payable by cashier's check or money order, to the United States District Court and forwarded to the United States District Clerk's Office, P.O. Box 570, Tyler, Texas 75710. Restitution payments shall begin immediately. Any amount that remains unpaid when Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of Defendant's gross income, to be changed during supervision, if needed, based on

Defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, 100% of receipts received from gifts, tax returns, inheritance, bonuses, lawsuit awards, and any other receipt of money must be paid toward the unpaid restitution balance within 15 days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to Fine and Restitution Section, U.S. Courts, 1910 SE Loop 323, #287, Tyler, Texas, 75701.

Upon release from imprisonment, Defendant shall be placed on supervised release for a term of 24 months. Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which Defendant is released.

While on supervised release, Defendant shall not commit another federal, state or local crime, shall comply with the standard conditions that have been adopted by this court, and shall comply with the following additional conditions:

Defendant is to pay restitution in the amount of $7,123, plus interest, to the victim listed in the "Victim Impact" Section of the Presentence Report.

Defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments and employment.

Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the court has been paid in full.

Defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the court has been paid in full.

Under the guidance and direction of the U.S. Probation Office, Defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider.

Defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

The court further recommends that Defendant's term of imprisonment be carried out in the Bureau of Prisons facilities in Bryan, Texas, if appropriate.

**IT IS SO ORDERED.**

**SIGNED this the 17th day of February, 2011.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE